THE STATE, DEFENDANT IN ERROR, v. JOSEPH P. FENN,
PLAINTIFF IN ERROR.

Submitted July 15, 1912—Decided November 18, 1912.

On error to the Supreme Court, which affirmed a judg-
ment of the Burlington Quarter Sessions.

The opinion of the Supreme Court is expressed in the fol-
lowing memorandum:

PER CURIAM.

The defendant was indicted under the supplement to the
Crimes act of May 17th, 1906, being chapter 266 of the laws
of that year. The act provides that if any person shall obtain
any money in whole or in part upon the faith of a statement
of the financial condition or responsibility of such person so
obtaining such money, and such statement shall be in writing
and signed by the person obtaining such money, and the said
statement shall be willfully false in any material particular,
then such person signing such statement shall be deemed
guilty of a misdemeanor. The trial of the indictment having
resulted in the conviction of the defendant, the case was re-
moved by writ of error to this court for review. The only
assignment of error which is relied upon before us was the
refusal of the trial court to direct a verdict for the defendant.

The specific charge in the indictment was that the de-
fendant unlawfully did obtain from the Union National
Bank of Mount Holly current lawful money of the value of
$685.65, upon the faith of a written statement signed by him
showing that he and his partner were worth $17,325 over and
above all their debts and liabilities; that said statement was
untrue; that the debts of the defendant were much greater
than were represented; and that the statement was will-
fully false.

We think it can be fairly inferred from the testimony of
Tomlinson, the cashier of the bank, that the bank loaned the

defendant and his partner $685.65 upon the faith of the written signed statement furnished by them to the bank. It appeared from the proofs that they came to the bank and saw Mr. Tomlinson; that they disclosed to him that their purpose in coming was to borrow $700; that Tomlinson asked what their means were; that they represented that they had about $19,000 worth of property and that their indebtedness was about $1,775; that this statement of their liabilities and assets was set out in writing by the defendant and his partner, signed by them, and that after this was done, was laid before the board of directors of the bank and the loan was thereupon made. It further appeared that the statement was untrue. Under this state of proofs, it was clearly a question for the jury whether or not the defendant was guilty as he stood charged. The refusal to direct a verdict in his favor was therefore proper.

The judgment under review will be affirmed.

For the plaintiff in error, *Davis & Davis.*

For the defendant in error, *Samuel A. Atkinson,* prosecutor of the pleas.

PER CURIAM.

The judgment under review should be affirmed, for the reasons expressed in the *per curiam* opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY, JJ. 12.

*For reversal*—None.